# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**KENDER MOISES MORILLO LAGUNA**,

*Petitioner*,

v.

**JONATHAN FLORENTINO,** *et al.*,

*Respondents*.

No. 25-cv-18085

**ORDER**

**THIS MATTER** comes before the Court by way of Petition for Writ of Habeas Corpus, (ECF No. 1); and

**WHEREAS**, Petitioner Kender Moises Morillo Laguna originally entered the United States in October 2022 and, after a short period of custody, was released from custody and issued a parole document, placing him on Alternative to Detention ("ATD") status with paperwork that required him to check in with ICE on a semi-frequent basis on or around October 9, 2022; and

**WHEREAS**, Petitioner was then suddenly re-detained by U.S. Immigration and Customs Enforcement ("ICE") on November 23, 2025 and remains in detention; and

**WHEREAS**, Respondents represented at a December 12, 2025 status conference that they are affirmatively electing to rest on the record as it presently stands, having declined the opportunity to supplement the record with additional documentation or evidence concerning the statutory basis for Petitioner's re-detention or the procedures employed in effecting that re-detention and stating only that Petitioner's re-detention was based on Respondents' view of 8 U.S.C. § 1225 requiring mandatory detention; and

**WHEREAS,** accordingly, the Court finds that Respondents have failed to carry their burden of identifying a lawful statutory basis for Petitioner's re-detention and have further failed to demonstrate

that Petitioner was afforded the procedural due process required prior to or contemporaneous with his re-detention, including at a bare minimum, notice of revocation of his then paroled and ATD status, and an opportunity to respond; and

**WHEREAS,** Respondents have acknowledged, and the Court agrees, that the Government may not lawfully detain an individual under § 1225(b) and later attempt to justify that detention under 8 U.S.C. § 1226 through alternative, retrospective, or *post hoc* reasoning advanced during litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); and

**WHEREAS**, therefore "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate release him and enjoin the Government from further similar transgressions." *See, e.g.*, *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed]

courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained."); therefore

**IT IS,** on this 12th day of December, 2025,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his re-detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release and are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** Respondents may not detain Petitioner under § 1226(a) absent a demonstrable and material change in circumstance; and it is further

**ORDERED** that any future detention or re-detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural due process, including, but not limited to, a timely bond hearing in front of a neutral arbitrator; and it is further

**ORDERED** that, to the extent Respondents seek to re-arrest or otherwise re-detain Petitioner under any statutory authority, including but not limited to §§ 1225 or 1226, this Court shall retain jurisdiction over this matter, and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**